UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

KENDLE RASHEN HAWKINS,

Defendant.

Case No. CR21-5213

DETENTION ORDER

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Section 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of any other person or the community; nor are there conditions that would reasonably assure the defendant would be less likely to flee or fail to appear for court proceedings. The defendant is represented by Timothy Rusk. The government is represented by Assistant United States Attorney Lyndsie Schmalz.

The defendant is charged by Indictment with Possession of Fentanyl with Intent to Distribute. Dkt. 13.

The Court heard information and argument presented during the detention hearing on July 1, 2021, and information provided by the Pretrial Services Officer, Leona Nguyen including the pretrial services reports.

The current charge, involving a drug crime with a maximum sentence of 10-years or more, triggers the rebuttable presumption of detention, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(1). The presumption operates to shift the burden of production to the defendant. *United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008). The prosecution has the burden of persuasion. *Id.* If the defendant proffers evidence to rebut the statutory

1

presumption, this does not mean the presumption has been erased; it simply means the presumption is an evidentiary finding that militates against release, and is weighed along with the other factors identified in 18 U.S.C. § 3142(g). *United States v. Hir,* 517 F.3d at 1086.

The factors identified in 18 U.S.C. § 3142(g) are: 1. Nature and seriousness of the charges; 2. Weight of the evidence against the defendant; 3. History and characteristics of the defendant; and 4. "Nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4). The Bail Reform Act recognizes that release should be the normal course, and "detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). In evaluating whether the defendant poses a serious potential for dangerousness, it is not necessary for the Government to produce, or for the Court to rely on, evidence of prior convictions for violent crimes. *United States v. Hir,* 517 F.3d at 1091-92.

Based on the nature circumstances of the alleged offense, history of the defendant, and the defendant's failure to give accurate information to the pretrial services officer, the Court finds the government met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to others or to the community and its burden to prove, by a preponderance of the evidence, the defendant presents a significant risk of flight. Further, the danger to the community and risk of flight cannot be mitigated by any condition or combination of conditions which Mr. Hawkins can meet.

Mr. Hawkins is presumed innocent. 18 U.S.C. § 3142(j). Additionally, Mr.

Hawkins has proposed potential release plans. Dkt. 11 at 2. Further, Mr. Hawkins was supported at the detention hearing by acquaintances willing and prepared to support him with a place to stay through trial.

However, the nature of the current offense as described in the Complaint, Dkt. 1, and as asserted by the Assistant United States Attorney during the hearing, presents a grave danger to the community. Mr. Hawkins is alleged to have been transporting approximately 50,000 narcotics pills, which field tested presumptive positive for the presence of fentanyl. Dkt. 1 at 10. The quantity of pills Mr. Hawkins was alleged to be transporting is "well in excess of personal use amounts" and "consistent with possession for distribution." Dkt. 1 at 11. In addition to 50,000 narcotics pills that field-tested positive for fentanyl, Mr. Hawkins is alleged to have been transporting one rifle, four handguns, two firearms suppressors, two magazines, and one high capacity drum magazine. Dkt. 1 at 10. The Assistant United States Attorney proffered, during the detention hearing, that fentanyl is an incredibly deadly controlled substance and overdose deaths from use of this drug are increasing in the Western District of Washington.

Mr. Hawkins past conduct and criminal history also indicate he represents a threat to the safety of the community. The Defendant has prior convictions for armed robbery and marijuana possession. Dkt. 11 at 4. These past convictions are considered when evaluating the "history and characteristics of the person" who is the subject of the detention hearing. 18 U.S.C. § 3142(g)(3).

Mr. Hawkins has also been inconsistent with information he has given to pretrial services regarding his: 1. prior residences; 2. sources of income; and 3. assets. Dkt. 11 at 3, 5. Mr. Hawkins and the other individuals contacted by the pretrial services provided differing descriptions of where Mr. Hawkins lived and if he was transiently housed. Dkt.

11 at 5.

Pretrial services officers were also unable to verify the existence of a dog breeding business Mr. Hawkins claimed was his source of employment. Dkt. 11 at 3. Mr. Hawkins also claimed the contents of a bank account as his only asset. Dkt. 11 at 3. This was contradicted by an acquaintance of Mr. Hawkins who told pretrial services officers Mr. Hawkins also owned a BMW vehicle and an SUV. Dkt. 11 at 3. This lack of credibility shows by preponderance of the evidence that Mr. Hawkins would have difficulty following conditions of supervision and presents a risk of non-appearance or presents a risk of flight, because he did not disclose important information, or mis-stated information, and failing to cooperate with pretrial services in their requests for accurate information is of great concern to the Court. He also has a prior FTA. Dkt. 11 at 4.

The Court does not find that any of the release plans proposed by Mr. Hawkins would mitigate the risk of dangerousness or risk of failure to appear. The Court agrees with the pretrial services assessment that Mr. Hawkins is not likely to comply with conditions of supervision, and poses a risk of failure to appear and a risk of flight, based on his failure to be forthright with the pretrial services officers. Dkt. 11 at 5.

The Court finds: The government met its burden of proving by a preponderance of the evidence that the defendant presents a significant risk of failure to appear. The government also met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to others and to the community, and there are no condition or combination of conditions which defendant can meet that will reasonably assure the safety of any other person and the community, or the appearance of the defendant.

This finding is based on:

1) the nature and circumstances of the offense(s) charged,

4

2) the weight of the evidence against the person;

3) the history and characteristics of the person;

4) criminal history; and

5) the nature and seriousness of the danger release would impose to any person or the
community, including a history of repeated offenses

*Order of Detention*

< The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

< The defendant shall be afforded reasonable opportunity for private consultation with counsel.

< The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 2nd day of July 2021.

Theresa L. Fricke
United States Magistrate Judge