UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>KENDLE RASHEN HAWKINS,<br><br>Defendant. | CASE NO. CR21-5213RSM<br><br>ORDER DENYING SECOND MOTION TO SUPPRESS EVIDENCE |

This matter comes before the Court on Defendant Hawkins's Second Motion to Suppress Evidence recovered by law enforcement pursuant to a Search Warrant and Pen-Trap Order that was authorized on May 20, 2021, and a subsequent Search Warrant that was authorized on June 14, 2021. Dkt. #74. Mr. Hawkins has been charged in a Superseding Indictment with Possession of Fentanyl with Intent to Distribute and Felon in Possession of a Firearm. Dkt. #44. Although his is a stand-alone indictment, this case is related to those brought against approximately 39 other Defendants under 13 different cause numbers. *See* Dkts. #21, 31, and 34.

The Court previously heard a very similar Motion to Suppress, Dkt. #39, and denied it. *See* Order at Dkt. #64. The Court incorporates by reference the facts and legal analysis of that Order.

Mr. Hawkins now argues for suppression of evidence recovered by law enforcement pursuant to the search warrant signed on June 14, 2021, in part because the Court found the first

ORDER – 1

warrant issued on May 20, 2021, to be "too thin and insufficiently reliable." Dkt. #74 at 1. However, the Court's Order went on to state:

> Furthermore, the Court agrees that "[e]ven if there were flaws in the GPS Warrant or subsequent warrants that undermine these three magistrates' findings of probable cause, the *Leon* good-faith exception would apply." Dkt. #54 at 29 (citing, 468 U.S. at 920–21). Under *Leon*, evidence is admissible if police obtained it in "objectively reasonable reliance" on a search warrant, even if a reviewing court later invalidates the warrant. *Leon*, 468 U.S. at 922. "When officers have acted pursuant to a warrant, the prosecution should ordinarily be able to establish objective good faith without a substantial expenditure of judicial time." *Id.* at 924. *Leon*'s good-faith exception applies in all but four circumstances: (1) when the warrant is "so facially deficient" that no executing officer could reasonably presume it to be valid; (2) when the warrant results from recklessly or knowingly misleading the issuing judge; (3) when the affidavit supporting the warrant is "bare bones"; and (4) when the issuing judge "wholly abandons his or her judicial role." *Id.* at 922–23. None of those circumstances apply to the warrants here.

Dkt. #64 at 5–6. Mr. Hawkins acknowledges that finding but states, "[t]he Cell Site Simulator Warrant affidavit was equally deficient with respect to its effort to establish probable cause, and the affidavit itself provides the basis as to why the traffic stop was not reasonable and why the *Leon* good faith exception does not apply." Dkt. #74 at 2.

The Government argues there is no reason for the Court to depart from its prior rulings and that "Hawkins's untimely motion is also effectively a motion to reconsider the Court's previous ruling—although it is not labelled as such—yet it does not meet the stringent requirements for such a motion." Dkt. #78 at 1–2. More specifically, they state:

> This issue has already been decided. This Court closely examined the GPS Warrant Affidavit and determined that "none of those circumstances appl[ied]," including the "bare bones" exception. Dkt. 64, at 5–6. The CSS Warrant has the same evidence as the GPS Warrant and more. It was not bare bones. Because there was at least a colorable argument for probable cause here, the agents had every reason to believe that the CSS Warrant was valid, and this Court should again conclude that the agents relied on it in good faith.

ORDER – 2

*Id.* at 10.

"Motions for reconsideration are disfavored." Local Criminal Rule 12(b)(13)(A). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

The Court agrees that Mr. Hawkins's Motion is essentially a mislabeled motion for reconsideration. It addresses the same issues previously ruled on by the Court without attempting to show manifest error or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. On that basis alone, the Court could deny this Motion.

Even after analyzing the substance of Mr. Hawkins's Motion, the Court continues to find that the traffic stop was lawful and that the *Leon* good faith exception applies for the reasons stated by the Court previously and precludes granting the requested relief. The Court agrees that the CSS Warrant has the same evidence as the GPS Warrant and more, and that Mr. Hawkins has failed to demonstrate any other basis to find that this was a bare bones affidavit.

Having reviewed the briefing for this Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Second Motion to Suppress, Dkt. #74, is DENIED.

DATED this 24th day of May, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER – 3