UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

KENDLE RASHEN HAWKINS,

Defendant.

CASE NO. CR21-5213RSM

ORDER DENYING MOTION TO DISMISS COUNT TWO OF SUPERCEDING INDICTMENT

This matter comes before the Court on Defendant Hawkins's "Motion to Dismiss Count Two of Superceding Indictment," Dkt. #106. The Government has responded, Dkt. #111, and Mr. Hawkins has submitted a Reply, Dkt. #112. No party has requested oral argument.

Mr. Hawkins has been charged in a Superseding Indictment with two counts: Possession of Fentanyl with Intent to Distribute, and Felon in Possession of a Firearm. Dkt. #44. Count Two states that Mr. Hawkins was convicted of "armed robbery" in 2008. *Id*. at 2. Although his is a stand-alone indictment, this case is related to those brought against approximately 39 other Defendants under 13 different cause numbers. *See* Dkts. #21, 31, and 34. Trial is scheduled for July 15, 2024. Dkt. #100.

In 2019, the FBI and Seattle Police Department began investigating a drug trafficking organization ("DTO") allegedly controlled by an individual named Michael Walker within the Western District of Washington. Mr. Hawkins came to the attention of investigators based on a

ORDER DENYING MOTION TO DISMISS COUNT TWO – 1

confidential source, and two warrants were obtained allowing investigators to track Mr. Hawkins's movements.

On June 14, 2021, agents observed Mr. Hawkins traveling northbound on I-5 in a rental car; a Centralia, Washington police officer pulled over the vehicle for going 78 in a 70-mph zone. Dkt. #43 at 1–2. Defendant Hawkins was in the passenger seat. When the driver opened the glove box to get his license, officers observed, in plain view, "a high capacity drum magazine." *Id*. The officers asked about the reasons for the trip from Arizona to Washington. Eventually they brought in a drug-sniffing dog who alerted on the passenger side of the vehicle. Agents obtained a search warrant, searched the vehicle, and found several guns and tens of thousands of light blue "M-30" pulls, later determined to be more than four kilograms of fentanyl.

Defendant now moves for an order dismissing Count Two of the Superseding Indictment, charging him with Unlawful Possession of a Firearm in violation of 18 U.S.C. §922(g)(1), pursuant to *United States v. Duarte*, ___ F.4th ___, 22-50048 (9th Cir. May 09, 2024) (pet. hrg. en banc pending). Mr. Hawkins "contends that the *Duarte* decision found that 18 U.S.C. §922(g)(1) was unconstitutional and in violation of his rights under the Second Amendment to the U. S. Constitution." Dkt. #106 at 1.

*Duarte* holds that under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), 18 U.S.C. § 922(g)(1) violated the Second Amendment as applied to the defendant in that case under a two-step analysis that seems to ask three questions. The panel first asked whether the weapon at issue was an "arm" within the meaning of the Second Amendment, then asked what the defendant's proposed course of conduct was, then asked whether the Government had demonstrated that § 922(g)(1)'s categorical prohibition, as applied to the defendant, "is part of the historic tradition that delimits the outer bounds of the" Second Amendment right. *Duarte*,

ORDER DENYING MOTION TO DISMISS COUNT TWO – 2

Case No. 22-50048, Dkt. #69-1 at 5 (citing *Bruen*, 597 U.S. at 19).  When it comes to the question of what crimes can qualify for a law prohibiting a felon from possessing a firearm, *Duarte* explicitly mentions robbery; after discussing "18th- and 19th-century laws" for several pages, the panel states:

> And it would lastly stand to reason that we "c[ould] use . . . th[ese] historical regulations" as "analogies," *id*. at 31, to "largely modern crimes" that may not "closely" resemble their historical counterparts but still share with them enough "relevant[] similar[ities]" to justify permanent disarmament for committing such new-age offenses, *see Alaniz*, 69 F.4th at 1129–30 (emphasis added) ("Like burglary or robbery, [modern-day] drug trafficking plainly poses substantial risks of confrontation that can lead to immediate violence.").
>
> That would all seem to be in step with *Bruen*.

*Duarte*, Case No. 22-50048, Dkt. #69-1 at 60 (citing *Bruen* and *United States v. Alaniz*, 69 F.4th 1124, 1128 (9th Cir. 2023)).  Under any reasonable reading of the above passage, robbery "poses substantial risk of confrontation that can lead to immediate violence," and was explicitly called out as a crime that could justify permanent disarmament.  *Duarte* otherwise tries to draw a distinction between crimes that involve violence and crimes that do not.

In briefing, Defendant admits that he was previously convicted of "strongarm robbery," and sentenced to three years.  Dkt. #106 at 2. He states that it was a "Class 4 felony" and "not a violent crime," *id.*, but offers no evidence to support that assertion.  Later he states his "belief" that his armed robbery charge "was reduced to a strongarm robbery and a Class 4 felony, making it a much less serious crime than originally charged."  *Id*. at 6. No supporting documents are attached.  On Reply, Defendant suggests that Count Two should be severed so that he can proceed to trial on Count One with the Court staying a ruling on the instant Motion to Dismiss until *Duarte* is heard *en banc*.  Dkt. #112.  The Government moves to strike this portion of the Reply brief.  Dkt. #113.

ORDER DENYING MOTION TO DISMISS COUNT TWO – 3

The parties agree that the guns at issue qualify as arms under the second amendment. The Government spends significant time discussing whether the course of conduct at issue is mere possession of a firearm or if it was connected with the drug crimes. The Court need not address that issue because Defendant does not present any argument on it and because the second step under *Duarte* yields an easy answer—Mr. Hawkins' prior felony for armed robbery clearly qualifies to prohibit possession of firearms under *Duarte*. It qualified under Ninth Circuit law prior to *Duarte*, the *Duarte* panel had no qualms with mentioning robbery specifically as stated above, and the Court has no difficulty now finding that armed robbery poses a substantial risk of confrontation that can lead to immediate violence and therefore does not run afoul of the second amendment under *Duarte*'s reasoning.

Both parties suggest that the Court could defer ruling on this issue until *Duarte* is heard *en banc*. While it is entirely possible that the holding in *Duarte* will be reversed or modified *en banc*, such would most likely result in a return to the state of the law prior to *Duarte* and the Court cannot see how the outcome of this Order would change.

Accordingly, having reviewed the briefing for this Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Hawkins's "Motion to Dismiss Count Two of Superceding Indictment," Dkt. #106, is DENIED. Because the Court is denying this Motion there is no need to sever Count Two and so the Court DENIES AS MOOT the Government's Motion to Strike, Dkt. #113.

DATED this 3rd day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO DISMISS COUNT TWO – 4